R. H. MUIR, INCORPORATED, RESPONDENT, v. CHURCH CONSTRUCTION COMPANY, APPELLANT.

Decided July 3, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *David M. Litwin.*

For the respondent, *Stanley L. Gedney, Jr.*

PER CURIAM.

The plaintiff instituted this suit to recover the sum of $1,462.50, being an unpaid balance alleged to be due upon a conditional sales agreement, by the terms of which the plaintiff was to furnish and install in the apartment house of

the defendant a certain number of electric refrigerators; the plaintiff claiming that it had performed this agreement on its part. The defendant alleged in its answer that, in order to induce it to enter into the contract, the plaintiff corporation, through its duly authorized agent, represented that the electric motors which operated the refrigerators would have to be run a total of only two hours in every twenty-four; that the running of said motors during that period of time would maintain the refrigerators in a sufficiently cold condition to render the service expected of them, and that the operation thereof would be noiseless. The defendant then averred that, believing these representations to be true, and because thereof, it entered into the contract sued upon. The answer then recites that after the refrigerators and motors were installed it was found that it was necessary, in order to keep the refrigerators in proper condition, to have the motors running practically from a half to three-quarters of each and every day; that the motors, instead of being silent, made a great deal of noise, causing the tenants to make complaints upon account thereof; that, upon the situation being called to the attention of the plaintiff, it sent men to correct the trouble, but that no beneficial results followed the attempted correction; and that, because of these facts, it is not legally obligated to pay the full amount of the purchase price. The plaintiff, after the filing of the answer, moved to strike it out, upon the ground that it was untrue in fact and sham. A hearing was had upon the motion, at which affidavits were submitted on the part of the respective parties in support of and in opposition to it. At the conclusion of the hearing the court struck out the answer as sham and directed the entry of judgment for the plaintiff.

The facts set up in the affidavits submitted by the defendant support the averments of the answer. If they are true, they constitute a defense *pro tanto* to the plaintiff's claim; that is, they entitle the defendant to a reduction of the contract price. *Byard* v. *Holmes,* 33 *N. J. L.* 119; *Roberts* v. *James,* 83 *Id.* 492, 499. It is argued on behalf of the plaintiff that these inducing misrepresentations, as-

suming that they were made, cannot be availed of by the defendant in its attempt to defeat plaintiff's right to recover the full purchase price of the electric refrigerators and their appurtenances, because of the fact that the thirteenth section of the conditional sales contract provides that "there are no promises, terms, conditions or obligations referring to the subject-matter other than contained herein;" and that because thereof it should not be permitted to defeat its contract obligation except by showing a breach by the plaintiff of one or more of the provisions contained in this excerpt. In our opinion, however, this argument is unsound. The words cited, construed in accordance with their natural meaning, do not include untrue representations made before the execution of the contract afterward entered into and which were the inducing cause of the defendant making it.

For the reason indicated, we consider that the answer filed in the case is not sham, and that the defendant is entitled to have the issue raised thereby determined by a jury.

The judgment under review will be reversed.